UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

PHONG THANH LE, :
 :
      Petitioner :
 :
  v. : CIVIL NO. 3:CV-06-2091
 :
THOMAS DECKER, : (Judge Kosik)
 :
      Respondent :

**Memorandum and Order**

Phong Thanh Le, presently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE"), incarcerated at the Pike County Correctional Facility, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on October 23, 2006. (Doc. 1.) For the reasons set forth below, Le will be granted leave to proceed in forma pauperis for the sole purpose of filing the instant petition, and the petition will be referred to ICE for a custody review pursuant to 8 C.F.R. § 241.13.

**I.    Factual Background**

Le, a native and citizen of Vietnam, entered the United States on March 3, 1994, presumably as a refugee. He claims he has been in ICE custody since February 10, 2006. His order of removal from the United States became final on April 18, 2006. From the petition, it appears that Le has never had any type of custody review with regard to his detention. He claims that to date ICE has been unable to remove him to Vietnam and seeks release pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001).

**II.     Discussion**

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231.  Under § 1231(a), the Attorney General has ninety (90) days to remove an alien from the United States after his order of removal, during which time detention is mandatory.  Section 1231(a)(1)(B) provides:

The removal period begins to run on the latest of the following:

>   (i)   The date the order of removal becomes administratively final.
>
>   (ii)  If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
>   (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. At the conclusion of the 90 day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) & (6).

8 U.S.C. § 1231.  The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States.  It does not permit indefinite detention."  Zadvydas v. Davis, 533 U.S. 678, 689 (2001).  "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."  Id. at 699.  To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention."  Id. at 701.  If at the conclusion of the six month period the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing."  Id.  Not every alien must be released after six months.  An alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."  Id.

Following Zadvydas, regulations were promulgated to meet the criteria established by the

2

Supreme Court.  See 8 C.F.R. § 241.4.  Prior to the expiration of the mandatory ninety day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period.  8 C.F.R. § 241.4(k)(1)(I).  When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review.  8 C.F.R. § 241.4(k)(1)(ii).  Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future.  8 C.F.R. § 241.13(d)(1).

The ninety (90) day mandatory detention period expired in this case on or about July 18, 2006.  It does not appear that Le ever received an initial review by district director.  At this point, Le is now also beyond the presumptively reasonable six month period established by Zadvydas which would have expired on or about October 18, 2006.  Because jurisdiction to make a determination concerning Le's custody now appears to be with the HQPDU, and it does not appear that Le has filed a written request for release with the HQPDU, ICE will be ordered to treat this petition as a request for release under 8 C.F.R. § 241.13.  ICE shall respond to the request within thirty (30) days.  Having referred the issue of release to the government for disposition under existing review procedures, the petition will be denied.

**ACCORDINGLY, THIS 30th DAY OF OCTOBER, 2006, IT IS HEREBY ORDERED THAT:**

1. Petitioner is granted leave to proceed in forma pauperis for the sole purpose of filing the instant petition.

2. As of the date of this Order, ICE shall treat the petition for writ of habeas corpus as a request for release under 8 C.F.R. §§ 241.4 and 241.13.  ICE shall provide petitioner with a response to his request within thirty (30) days.

3. The Clerk of Court is directed to serve a copy of the petition (Doc. 1) and this Memorandum and Order on respondent and the United States Attorney.

4. The petition for writ of habeas corpus is denied with respect to the request for release.

5. The Clerk of Court is directed to close ths case.


                        s/Edwin M. Kosik
                        United States District Judge